DECISION AND JUDGMENT ENTRY
{¶ 1} This case comes to us from the judgment of the Lucas County Court of Common Pleas which, following a jury trial, found appellant guilty of two counts of breaking and entering and sentenced him to concurrent eleven month sentences. For the following reasons, we reverse the decision of the trial court.
 {¶ 2} On May 17, 2001, appellant, Robert Wayne Leonard, was indicted on two counts of breaking and entering, in violation of R.C.2911.13(A), fifth degree felonies. Appellant entered not guilty pleas and, on August 21, 2001, the case proceeded to a jury trial.
 {¶ 3} At trial, the following relevant evidence was presented. The victims, Thomas Hahn and Chad Rombach, testified that certain items were removed from their garages, without permission, on April 25, 2001. The victims did not see who broke into their garages and were unable to identify appellant.
 {¶ 4} Earleen Poulson next testified that on the morning of April 25, 2001, at approximately 5:00 a.m., she and Michael Billick were on their way to work when they spotted two men walking along the sidewalk. One of the men had a wheelbarrow which was full of items and one was carrying a television. They passed the men and circled back around the block. At that point one of the men ran away and the other was placing items into a car. Poulson testified that Billick called 911 on his cell phone and the police were able to apprehend one of the men. Poulson admitted that she could not identify the other man but that he was possibly a white male. Poulson was not cross-examined.
 {¶ 5} Billick similarly testified that there were two white males involved in the crime. He was able to identify one of the males, but could not identify appellant. Billick was not subjected to cross-examination.
 {¶ 6} Toledo Police Patrol Officer Jeffery Clark responded to Billick's 911 call. Officer Clark testified that the suspects were described as two white males. Clark testified that the witnesses located the vehicle and were able to identify the driver, Weldon Brownfield, following a "show-up" or a drive by of the suspect. Officer Clark was not cross-examined.
 {¶ 7} Co-defendant, Weldon Brownfield, testified that he and appellant committed the crimes. Brownfield initially refused to implicate appellant and did so only after the court explained that he could be charged with perjury based upon statements Brownfield made at his July 11, 2001 plea hearing. Defense counsel did not cross-examine Brownfield.
 {¶ 8} At the close of the state's evidence, defense counsel made a Crim.R. 29 motion for a directed verdict without explanation. The motion was summarily denied. Appellant presented no witnesses. Appellant was found guilty on both counts and this appeal timely followed.
 {¶ 9} Appellant now raises the following five assignments of error:
 {¶ 10} "First Assignment of Error
 {¶ 11} "The prosecutor's misconduct denied the defendant-appellant due process of law as guaranteed by the fourteenth amendment to the Constitution of the United States, and Article 1, Section 10 to the Ohio Constitution.
 {¶ 12} "Second Assignment of Error
 {¶ 13} "The defendant-appellant was denied the effective assistance of counsel at trial, in violation of his Sixth Amendment rights.
 {¶ 14} "Third Assignment of Error
 {¶ 15} "The jury instructions given by the court were prejudicial to the defendant-appellant, thereby denying him due process of law.
 {¶ 16} "Fourth Assignment of Error
 {¶ 17} "Defendant-appellant's convictions are supported by insufficient evidence, and are against the weight of the evidence are [sic] therefore a denial of due process.
 {¶ 18} "Fifth Assignment of Error
 {¶ 19} "The cumulative effects of the errors in the case herein, denied the defendant-appellant a fair trial requiring that the convictions herein be reversed and the case remanded."
 {¶ 20} Appellant's second and third assignments of error are dispositive. For ease of discussion, we shall address the assignments of error in reverse order. In his third assignment of error, appellant contends that the jury instructions given by the court were prejudicial. Specifically, appellant argues that the court failed to fully and completely charge the jury by omitting the accomplice testimony instruction under R.C. 2923.03(D).[1] The state contends that because appellant was not charged with complicity the statute does not apply. We disagree.
 {¶ 21} R.C. 2923.03(D) provides:
 {¶ 22} "If an alleged accomplice of the defendant testifies against the defendant in a case in which the defendant is charged with complicity in the commission of or an attempt to commit an offense, an attempt to commit an offense, or an offense, the court, when it charges the jury, shall state substantially the following:
 {¶ 23} "`The testimony of an accomplice does not become inadmissible because of his complicity, moral turpitude, or self-interest, but the admitted or claimed complicity of a witness may affect his credibility and make his testimony subject to grave suspicion, and require that it be weighed with great caution.
 {¶ 24} "It is for you, as jurors, in the light of all the facts presented to you from the witness stand, to evaluate such testimony and to determine its quality and worth or its lack of quality and worth.'"
 {¶ 25} The legislative committee notes plainly state: "[i]n charging complicity, the accused may be charged specifically as an accomplice under this section, or he may be charged simply as a joint offender in the offense committed."
 {¶ 26} In the present case, we find that the trial court erred in failing to give the mandatory accomplice testimony instruction; however, because appellant's trial counsel failed to request the instruction or object to the court's failure to give the instruction, appellant waived the claim of error on appeal unless the absence of the instruction rises to the level of plain error. State v. Williford (1990), 49 Ohio St.3d 247;State v. Long (1978), 53 Ohio St.2d 91; Crim.R. 52(B). "To rise to the level of plain error, it must appear on the face of the record not only that the error was committed, but that except for the error, the result of the trial clearly would have been otherwise and that not to consider the error would result in a clear miscarriage of justice." State v. Bock
(1984), 16 Ohio App.3d 146, 150.
 {¶ 27} Upon careful review of the testimony presented at trial, we find that co-defendant Brownfield's testimony that appellant committed the crimes was completely uncorroborated. No other witness was able to identify appellant and there was no other evidence presented linking him to the crimes. Thus, we conclude that but for the error in the jury instructions the outcome of this case clearly would have been otherwise, and that a manifest miscarriage of justice has occurred. Appellant's third assignment of error is well-taken.
 {¶ 28} In his second assignment of error, appellant argues that he was denied the effective assistance of counsel. In order to establish a claim of ineffective assistance of counsel, a defendant must demonstrate (1) that his counsel's performance fell below an objective standard of reasonable representation in some particular respect or respects and (2) that he was so prejudiced by the defect that, but for counsel's errors, the result of the trial would have been different. State v. Bradley
(1989), 42 Ohio St.3d 136, paragraphs two and three of the syllabus, following Strickland v. Washington (1984), 466 U.S. 668.
 {¶ 29} In Ohio, a properly licensed attorney is presumed competent, and the burden is on the appellant to show counsel's ineffectiveness. State v. Lytle (1976), 48 Ohio St.2d 391, 397; State v.Hamblin (1988), 37 Ohio St.3d 153, 155-156. Debatable trial tactics generally do not constitute ineffectiveness. State v. Phillips (1995),74 Ohio St.3d 72, 85, citing State v. Clayton (1980), 62 Ohio St.2d 45,49.
 {¶ 30} For the same reasons enumerated in finding error under the plain error standard, we find error under the more lenient standard applicable in determining whether appellant received effective assistance of counsel. Failure to request the appropriate jury instruction or object to its omission can not defensibly be the result of sound trial strategy. The risk that the jury improperly weighed Brownfield's testimony is sufficient to establish that but for defense counsel's error the trial's outcome would have been different. Accordingly, appellant's second assignment of error is well-taken.
 {¶ 31} Based on our disposition of appellant's second and third assignments of error we find appellant's first, fourth and fifth assignments of error moot and not well-taken.
 {¶ 32} On consideration whereof, we find that appellant was prejudiced and prevented from having a fair trial. The judgment of the Lucas County Court of Common Pleas is reversed and the cause is remanded for a new trial. Costs of this appeal are assessed to appellee.
JUDGMENT REVERSED.
Richard W. Knepper, J., Mark L. Pietrykowski, J., and Judith Ann Lanzinger, J.
[1] Appellant also cites R.C. 2923.01(H) which applies to defendants charged with conspiracy. We find this section inapplicable to the present case.